**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ANTHONY BROOKS,<br><br>                              Plaintiff,<br><br>     v.<br><br>JACQUELINE BRYANT,<br><br>                              Defendant. | 3:19-cv-00457-APG-CLB<br><br>**REPORT AND RECOMMENDATION**<br>**OF U.S. MAGISTRATE JUDGE**[1] |

Before the court is Plaintiff Anthony Brooks's ("Brooks"), application to proceed *in forma pauperis* (ECF No. 10), his amended *pro se* civil rights complaint (ECF No. 12), his motion for extension and forms (ECF No. 3), motion for mediation/arbitration (ECF No. 4), motion for subpoena (ECF No. 7), and motion to extend time (ECF No. 8).  For the reasons stated below, the court recommends that Brooks's *in forma pauperis* application (ECF No. 10) be granted, that his amended complaint (ECF No. 12) be dismissed with prejudice, and that his motion for extension and forms, motion for mediation/arbitration, motion for subpoena, and motion to extend time (ECF Nos. 3, 4, 7, 8) be denied as moot in light of this Report and Recommendation.

**I.    *IN FORMA PAUPERIS* APPLICATION**

A person may be granted permission to proceed *in forma pauperis* ("IFP") if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable pay such fees or give security therefore.  Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled

---

[1]    This Report and Recommendation is made to the Honorable Andrew P. Gordon, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

1    to redress."  28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000)

2    (en banc) (stating 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

3         The Local Rules of Practice for the District of Nevada provide: "Any person who is

4    unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP].

5    The application must be made on the form provided by the court and must include a financial

6    affidavit disclosing the applicant's income, assets, expenses, and liabilities."  LSR 1-1.

7         "[T]he supporting affidavit [must] state the facts as to [the] affiant's poverty with some

8    particularity, definiteness and certainty."  *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir.

9    1981) (quotation marks and citation omitted).  A litigant need not "be absolutely destitute to

10   enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331,

11   339 (1948).

12        A review of the application to proceed IFP reveals Brooks cannot pay the filing fee;

13   therefore, the court recommends that the application be granted.

14   **II.    SCREENING STANDARD**

15        Inmate civil rights complaints are governed by 28 U.S.C. § 1915A.  Section 1915A

16   provides, in relevant part, that "the court shall dismiss the case at any time if the court

17   determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim

18   upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is

19   immune from such relief."  28 U.S.C. § 1915A(b).  A complaint is frivolous when "it lacks an

20   arguable basis in either law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  This

21   includes claims based on legal conclusions that are untenable (e.g., claims against

22   defendants who are immune from suit or claims of infringement of a legal interest which

23   clearly does not exist), as well as claims based on fanciful factual allegations (e.g.,

24   delusional scenarios).  *Id.* at 327–28; *see also McKeever v. Block*, 932 F.2d 795, 798 (9th

25   Cir. 1991).  Dismissal for failure to state a claim under § 1915A incorporates the same

26   standard applied in the context of a motion to dismiss under Federal Rule of Civil Procedure

27   12(b)(6), *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012), which requires dismissal

1   where the complaint fails to "state a claim for relief that is plausible on its face," *Bell Atl.*

2   *Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

3         The complaint is construed in a light most favorable to the plaintiff.  *Chubb Custom*

4   *Ins. Co. v. Space Systems/Loral Inc.*, 710 F.3d 946, 956 (9th Cir. 2013).  The court must

5   accept as true all well-pled factual allegations, set aside legal conclusions, and verify that

6   the factual allegations state a plausible claim for relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679

7   (2009).  The complaint need not contain detailed factual allegations, but must offer more

8   than "a formulaic recitation of the elements of a cause of action" and "raise a right to relief

9   above a speculative level."  *Twombly*, 550 U.S. at 555.  Particular care is taken in reviewing

10  the pleadings of a *pro se* party, for a more forgiving standard applies to litigants not

11  represented by counsel.  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  Still, a liberal

12  construction may not be used to supply an essential element of the claim not initially pled.

13  *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).  If dismissal is appropriate, a *pro se*

14  plaintiff should be given leave to amend the complaint and notice of its deficiencies, unless

15  it is clear that those deficiencies cannot be cured.  *Cato v. United States*, 70 F.3d 1103,

16  1107 (9th Cir. 1995).

17  **III.    SCREENING OF FIRST AMENDED COMPLAINT[2]**

18        In his complaint, Brooks sues Defendant Jacqueline Bryant, Clerk of Court for

19  Washoe County Courts under 42 U.S.C. § 1983 and seeks injunctive relief and monetary

20  damages.  (*See* ECF No. 12).  Brooks alleges that Bryant abused her office as Clerk of

21  Court by refusing to file motions, advising him a case was a federal case and that he should

22  file the document in federal court although Brooks did not have a federal case, and printing

23  false docket sheets.  (*Id.* at 3-4.)  Brooks asserts that "Bryant's involvement with the Free

24  Mason organization has filled her with hate and bias" against him.  (*Id.* at 4.)

25

26

27

---

[2]    The court finds the First Amended Complaint (ECF No. 12) to be the operative complaint in this case, which it now screens.

1    Section 1915(d) accords judges the authority to dismiss a claim based on an

2    indisputably meritless legal theory, for example, a claim in which it is clear that the defendant

3    is immune from suit.  *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). "Court clerks have

4    absolute quasi-judicial immunity from damages for civil rights violations when they perform

5    tasks that are an integral part of the judicial process."  *Mullis v. United States Bankruptcy*

6    *Court*, 828 F.2d 1385, 1390 (9th Cir. 1987), *cert. denied*, 486 U.S. 1040 (1988). The same

7    immunity will also bar declaratory and injunctive relief.  *Id.* at 1394.  "The commencement of

8    an action by filing a complaint or petition is a basic and integral part of the judicial process."

9    *Id.* at 1390. Therefore, even if the allegations in the complaint are accepted as true, the clerk

10   is absolutely immune from suit unless his actions were performed in the clear absence of all

11   jurisdiction. *Id.*  A mistake or an act in excess of jurisdiction does not abrogate judicial

12   immunity, even if it results in "grave procedural errors."  *Stump v. Sparkman*, 435 U.S. 349,

13   359 (1978).

14   Even if all of these allegations are taken as true, they all properly are characterized

15   as integral parts of the judicial process. Consequently, Bryant qualifies for quasi-judicial

16   immunity unless these acts were done in the clear absence of all jurisdiction. As noted

17   above, a mistake or an act in excess of jurisdiction does not abrogate judicial immunity, even

18   if it results in "grave procedural errors." *Stump,* 435 U.S. at 359.  Here, the complaint alleges

19   that Bryant erred in failing to carry out her alleged duties.  Thus, Bryant had quasi-judicial

20   immunity and did not act in the clear absence of all jurisdiction. The court, therefore,

21   recommends that the complaint be dismissed with prejudice, as amendment would be futile.

22   *See Cato*, 70 F.3d at 1106.

23   Because the court recommends that the complaint be dismissed with prejudice, the

24   court recommends that Brooks's other pending motions (ECF Nos. 3, 4, 7, 8) be denied as

25   moot.

26   //

27   //

**IV.    CONCLUSION**

For the reasons articulated above, the court recommends Brooks's application to proceed *in forma pauperis* (ECF No. 10) be granted, Brooks's amended complaint (ECF No. 12) be dismissed with prejudice, and his motion for extension and forms, motion for mediation/arbitration, motion for subpoena, and motion to extend time (ECF Nos. 3, 4, 7, 8) be denied as moot in light of this Report and Recommendation.

The parties are advised:

1.    Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt.  These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.    This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

**V.    RECOMMENDATION**

**IT IS THEREFORE RECOMMENDED** that Brooks's application to proceed *in forma pauperis* (ECF No. 10) be **GRANTED**;

**IT IS FURTHER RECOMMENDED** that Brooks's first amended complaint (ECF No. 12) be **DISMISSED WITH PREJUDICE**; and

**IT IS FURTHER RECOMMENDED** that Brooks's motion for extension and forms, motion for mediation/arbitration, motion for subpoena, and motion to extend time (ECF Nos. 3, 4, 7, 8) be **DENIED** as moot in light of this Report and Recommendation.

**DATED:**  February 4, 2020.

_____

**UNITED STATES MAGISTRATE JUDGE**